UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BEST DEVELOPMENT & CONSTRUCTION CORPORATION, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No. 3:05-CV-251 (PHILLIPS/GUYTON) |
| AMSOUTH BANK, ) ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Doc. 16] of the Honorable Thomas W. Phillips, United States District Judge, for consideration of the Plaintiff's Motion to Remand [Doc. 8] and the Plaintiff's Motion for Leave to File Amended Complaint [Doc. 10]. The undersigned heard the parties in oral argument on August 31, 2005.

The plaintiff, a Tennessee corporation, initially filed this civil action in the Circuit Court for Knox County, Tennessee. Thereafter, the defendant removed the case to this Court, asserting diversity jurisdiction. [Doc. 1]. The plaintiff seeks recovery from the defendant for the value of a number of corporate checks drawn on the payroll checking account and the operating checking account of the plaintiff, which checks bore the forged signature of the plaintiff's president, William H. Best, IV ("William Best"). The plaintiff states that a former employee of the plaintiff, Susan Owen ("Owen"), acting without authorization and with the intent to steal from the plaintiff, affixed the signature of William Best to the checks. The plaintiff alleges in its Complaint that the

defendant bank knew or should have known that the signatures affixed to the corporate checks in question by Owen were "obvious forgeries," and should not have honored the checks. [Doc. 1].[1]

## I. Motion to Amend

The plaintiff seeks leave to file an Amended Complaint adding William Best and Trudi Best as plaintiffs. The Bests are alleged to be guarantors for plaintiff's debts, and they claim to have suffered damages as a result of the defendant's actions.

The defendant opposes the Motion, arguing that even if the Amended Complaint is allowed, it fails to state a claim, and therefore, the proposed amendment is futile. The defendant also is concerned that the purpose of the amendment is to attempt to destroy jurisdiction by adding a non-diverse plaintiff, Trudi Best, a citizen of Alabama.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (U.S. 1962).

---

[1] The defendant has not filed an Answer, but did file a Motion to Dismiss or to Stay [Doc. 5], asserting a right to binding arbitration of all issues. Thereafter, the present Motion to Remand was filed. The plaintiff then filed its own Motion to Stay [Doc. 17] this case pending determination of the matter of jurisdiction. The Court granted this Motion [Doc. 18], and accordingly, all proceedings in this case are stayed until the issue of federal jurisdiction is resolved.

The Court cannot find, based on the present record, that the claims of William Best and Trudi Best as set forth in the proposed Amended Complaint are futile. Furthermore, for the reasons set forth below, the Court does not find that diversity is destroyed in this case by the addition of claims by a non-diverse plaintiff. For these reasons, it is **RECOMMENDED** that the plaintiff's Motion for Leave to File Amended Complaint [Doc. 10] be **GRANTED.**

## II.     Motion to Remand

In support of its Motion to Remand, the plaintiff argues: (1) that its pending Motion for Leave to File Amended Complaint [Doc. 10], if granted, would result in the filing of an Amended Complaint which includes an Alabama resident as an additional plaintiff, thereby destroying diversity; (2) that the plaintiff, during discovery, expects to identify an employee of the defendant, who is a Tennessee citizen, who aided and abetted Owen and who will be sued as an additional defendant in this case, thereby destroying diversity; (3) that the Knox County Circuit Court is "intimately" familiar with the facts and state law claims applicable to this case, because it has heard a related case, specifically, the plaintiff's lawsuit against Owen; and (4) that the defendant's removal is procedurally defective, because the defendant did not adequately identify itself as a corporation incorporated in the State of Alabama.

The defendant opposes the Motion to Remand. It argues that even if the proposed Amended Complaint is allowed, adding more plaintiffs following removal cannot destroy diversity, citing 28 U.S.C. § 1367(b). The defendant further argues that remand on the mere possibility of adding another defendant is premature and improper; that the state court's purported experience in a related case is immaterial; and that it did properly identify itself as an Alabama corporation in the removal papers. [Doc. 13].

The Court finds that the removal of this case from the Knox County Circuit Court is not procedurally defective. The Complaint alleges that the plaintiff is "a corporation organized under the laws of the State of Tennessee," with its "principal office" located in Knoxville, Tennessee, and that the defendant "is a bank organized under the laws of the State of Alabama, with its principal office located in Birmingham, Alabama...." [Doc. 1]. The Notice of Removal of Action states that the plaintiff is "a Tennessee corporation that maintains its principal place of business in Tennessee," and that the defendant "is an Alabama corporation that maintains its principal place of business in Alabama." [Doc. 1].

Plaintiff argues that the Notice of Removal is defective, thus requiring a remand, because the defendant did not state therein that it is incorporated in the State of Alabama. Defendant argues that saying it is an "Alabama corporation" has the same meaning, and that under a liberal view of the removal pleading requirements, such is adequate.

Strictly speaking, 28 U.S.C. § 1332(c)(1) requires that a Notice of Removal identify the states in which the parties have been "incorporated":

> (c) For the purposes of this section and section 1441 of this title
> – (1) a corporation shall be deemed to be a citizen of any state
> by which it has been incorporated and of the state where it
> has its principal place of business....

The recent trend of authority in the Sixth Circuit, however, would not mandate a remand simply because of the failure of the defendant to exactly track or duplicate the wording of 28 U.S.C. § 1332(c)(1). See Tech Hills II Associates v. Phoenix Home Life Mutual Insurance Company, 5 F.3d 963 (6th Cir. 1993). Rather, the favored practice is to allow a defendant to cure any defective allegations of diversity jurisdiction in its removal petition where such jurisdiction did

4

in fact exist. Id. at 969. The rationale behind this approach is that it is better, assuming that jurisdiction in fact exists, to permit the petition for removal to be amended to reflect it. Accordingly, the removal petition should be allowed to be amended in the same manner as amendments to any other pleading. Id.

Moreover, in the present case, it appears to the Court that the plaintiff, from the outset of this litigation, did know and understand the defendant to be a bank incorporated under the laws of the State of Alabama, as evidenced by the language used in the Complaint. There is no real dispute that diversity jurisdiction between the plaintiff and the defendant did exist at the time of removal. In other words, this is an issue of form, or style, over substance. Accordingly, it is the **RECOMMENDATION** of the undersigned that the defendant be given leave to file an Amended Notice of Removal to state with specificity that the defendant is a corporation which has been incorporated in the State of Alabama.

The Court also finds that the state court's asserted "intimate familiarity" with the facts and law of this case are immaterial to the defendant's valid exercise of its right to invoke federal diversity jurisdiction. Moreover, during the hearing plaintiff's counsel advised the Court that the state court proceeding consisted of the taking of a default judgment against Owen by the plaintiff. Plaintiff's counsel advised that Owen is incarcerated, that she did not testify in the state court action, and that she has yet to be deposed. Nor, apparently, did anyone with the defendant AmSouth Bank testify in the Owen state court action. Therefore, while the state court may have some general familiarity with this case, there, in fact, would be no judicial economy consideration in the present case, even if such a consideration were a legitimate factor in the removal context.

5

Also without merit is the plaintiff's argument that remand is appropriate, because the plaintiff may at some point in the future seek leave to add a defendant of non-diverse citizenship. The Court cannot remand a properly removed case on the mere possibility that additional defendants (whose identities are currently unknown) may be sued in the future.

Of more serious moment is the plaintiff's argument based on its Motion for Leave to Amend Complaint to add William Best and Trudi Best as plaintiffs. The Court has recommended that the said Motion for Leave be granted. Assuming the District Judge accepts that ruling, an analysis must be made of the effect, if any, on diversity jurisdiction.[2]

The plaintiff argues that the addition of Trudi Best, an Alabama citizen, as a plaintiff destroys diversity and requires remand. The plaintiff takes this position because the defendant is an Alabama corporation with its principal place of business in Alabama. The defendant argues that the plaintiff cannot destroy diversity after a proper remand simply by adding a non-diverse plaintiff.

The defendant cites the language of 28 U.S.C. § 1447(e): "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the Court may deny joinder, or permit joinder and remand the action to the state court." Defendant argues that this section applies only to the joinder of non-diverse defendants, and therefore, the addition of a non-diverse plaintiff does not require remand. Neither party has cited the Court to any case law interpreting 28 U.S.C. § 1447(e) in the context of a plaintiff, after removal, seeking to add non-diverse plaintiffs.

The defendant also cites 28 U.S.C. § 1367(b), which states as follows:

---

[2]Obviously, if the District Judge should reverse this Court's granting of leave to amend, the issue of adding a non-diverse plaintiff is moot.

> In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

The defendant urges the Court to analyze the Amended Complaint, in effect, as the intervention or joinder of William and Trudi Best. Viewed thus, the defendant argues, the addition of the Bests as plaintiffs cannot destroy diversity, because, in the language of section 1367(b), that "would be inconsistent with the jurisdictional requirements of section 1332."

Plaintiff's counsel, at the hearing, stated that the purpose of the proposed amendment to add William and Trudi Best as plaintiffs was not to defeat diversity. Rather, counsel stated that the Amended Complaint was for the sake of judicial economy by bringing all claims against AmSouth Bank arising out of the Owen matter in one action.

The Court agrees with the defendant that the addition of William and Trudi Best is properly viewed as a joinder of parties. However, the Federal Rules of Civil Procedure recognizes two types of joinder: the joinder of indispensable parties under Rule 19 and permissive joinder of parties under Rule 20. It does not appear to the undersigned that the joinder of William and Trudi Best is required for the just adjudication of this action such that they would be considered indispensable parties. See Fed. R. Civ. P. 19(a). However, their joinder as plaintiffs does appear to be permissible, in that their claims arise out of the same transaction or occurrence as the claims of the original plaintiff. See Fed. R. Civ. P. 20(a). Section 1367(b) precludes the exercise of

7

supplemental jurisdiction over claims of plaintiffs who are proposed to be joined as indispensable parties or who seek to intervene pursuant to Rule 24. See 28 U.S.C. § 1367(b). "Nothing in the text of § 1367(b), however, withholds supplemental jurisdiction over the claims of plaintiffs permissively joined under Rule 20 . . . ." Exxon Mobil Corp. v. Allapattah Services, Inc., __ U.S. __, 125 S. Ct. 2611, 2621, 73 U.S.L.W. 4574 (2005). Because the Bests have been permissively joined in this action, the Court may properly exercise supplemental jurisdiction over their claims pursuant to § 1367, without destroying the diversity that existed at the time of the removal of this action.

The Court concludes that the filing of the Amended Complaint will not destroy diversity under 28 U.S.C. §§ 1367 or 1447. Accordingly, it is **RECOMMENDED** that the plaintiff's Motion to Remand [Doc. 8] be **DENIED.**[3]

Respectfully submitted,

s/ H. Bruce Guyton
United States Magistrate Judge

---

[3]Any objections to this report and recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140 (1985). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).