IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BEST DEVELOPMENT & CONSTRUCTION CORPORATION,<br>  Plaintiff,<br><br>v.<br><br>AMSOUTH BANK,<br>  Defendant. | 3:05-cv-251 |

### MEMORANDUM OPINION

Defendant, AmSouth Bank (Bank), pursuant to Sections 2 and 3 of the Federal Arbitration Act (Act), 9 U.S.C. §§2, 3, moves the court for an order dismissing the action based upon an alleged agreement to arbitrate [ECF # 5]. In the alternative, defendant requests that the court stay this action pursuant to Section 3 of the Act until arbitration has been completed in accordance with the terms of the alleged agreement. For the reasons that follow, defendant's motion is **GRANTED**.

### BACKGROUND

On February 21, 2003, Best Development & Construction Corporation (Best) opened deposit accounts with the numbers 5327165620, 5327165612 and 5327165639 (Accounts) with the Bank and executed various documents, including signature cards. The Accounts were entitled "Account Package (Non-Personal Checking/Savings

Services)." The corresponding signature cards each provide in the third unnumbered paragraph:

> By signing below, the authorized signators for such an account: (a) agrees that the corporation or organization shall be bound by the terms of the Bank's customer agreement, rules and regulations, and schedule of charges, as now in force and as amended from time to time hereafter, related to the account noted below; and (b) acknowledges receipt of a copy of the applicable customer agreement now in force.

Defendant asserts the Customer Agreement for Depository Accounts (CA), revised version dated December 1999, as revised by versions dated February 2004 and October 2004, governs the business relationship between the parties. Among its various provisions, the CA states: "By signing a signature card and corporate resolution, if applicable, when you open your account, by conducting any transaction involving your account, or by maintaining your account after receipt of this agreement, you agree to the terms in this agreement." The CA also contains a mandatory arbitration provision (AP), which provides, in part, as follows:

> ARBITRATION. Any controversy, claim, or dispute between us (or between you and any of our employees, agents, representatives, parent or affiliated companies, or any of their employees) shall be settled by arbitration as set forth below. Such arbitration shall include, without limitations, any dispute or controversy regarding or pertaining in any way to any of the following: (a) this Agreement; (b) the Account; (c) any charge or cost incurred under this Agreement or the Account; (d) the collection of any amounts due under this Agreement or the Account; (e) any contract or alleged tort related to or arising out of your business or relationship with us; and (f) any statements or representations made to you ....

2

The AP further provides that "[a]ny disagreement as to whether a particular dispute or claim is subject to arbitration under this paragraph shall be decided by arbitration...." Additionally, the AP includes an acknowledgment that the Bank and the customer "specifically acknowledge and agree that this Agreement evidences a 'transaction involving commerce' under the Federal Arbitration Act, and you [customer] and we [Bank] hereby waive and relinquish any right to claim otherwise."

On April 6, 2005, plaintiff filed a state court action against the Bank in regard to his Accounts. Defendant then timely removed the case to this court. Plaintiff generally alleges that one of its employees, Susan Owen, forged checks on the Accounts at issue. Seeking compensatory and punitive damages, Best asserts claims against the Bank for diversion, breach of contract and gross negligence.

To resolve a question of arbitrability, courts must determine certain "gateway matters, such as whether the parties have a valid arbitration agreement at all or whether a concededly binding arbitration clause applies to a certain type of controversy." *Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 123 S.Ct. 2402, 2407 (2003). If a court finds that a dispute is subject to arbitration, the court must not take any further action with respect to any arbitrable claims. *Dean Witter Reynolds v. Byrd*, 470 U.S. 213, 218, 105 S.Ct. 1238 (1985). When a dispute is subject to arbitration, "the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Id.* In such circumstances, Section 3 of the Act provides

3

that, upon application of one of the parties, the case shall be stayed pending completion of the arbitration. 9 U.S.C. § 3. Section 3 provides as follows:

> **Stay of proceedings where issue therein referable to arbitration**
>
> If any suit or proceeding be brought in any of the courts of the United States upon issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

"Under § 3 of the FAA, if any separate claim is referable to arbitration, then a stay of proceedings on the remaining claims is mandatory." *Hensel v. Cargill, Inc.*, 198 F.3d 245 (Table), 1999 WL 993775 (6th Cir. (Ohio)). The Sixth Circuit has also held that a district court may dismiss an action, subject to reinstatement, if all of the causes of action alleged in the complaint are subject to arbitration. *Arnold v. Arnold Corp.*, 920 F.2d 1269, 1276 (6th Cir. 1990); *Orcutt v. Kettering Radiologists, Inc.*, 199 F.Supp.2d 746, 756-57 (S.D. Ohio 2002).

It is evident that all three of Best's causes of action are related to plaintiff's Accounts and are subject to arbitration under the Act. Accordingly, the court lifts the stay and **DISMISSES** this action, without prejudice and subject to reinstatement once the arbitration process has been completed. *See Hensel v. Cargill*, 198 F.3d 245 (Table), 1999 WL 993775 (6th Cir. (Ohio)).

**ORDER TO FOLLOW.**

**ENTER:**

    **s/Thomas W. Phillips**
**UNITED STATES DISTRICT JUDGE**