# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| BEST DEVELOPMENT & CONSTRUCTION CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:05-CV-251 (Phillips) |
| AMSOUTH BANK, | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion to alter or amend the judgment entered November 29, 2005, in which the court dismissed this action without prejudice and ordered the action to arbitration. In support of the motion, plaintiff states that this action was dismissed without plaintiff being allowed sufficient time to respond to the motion. Specifically, plaintiff states that the court stayed all proceedings on July 20, 2005, prior to the date plaintiff's response was due. The court lifted the stay on November 29, 2005, and in the same order, dismissed the action without prejudice and ordered the action to arbitration. Plaintiff moves for an order altering or amending the judgment of the court to allow plaintiff to respond to defendant's motion to dismiss.

Defendant opposes the motion stating that plaintiff's motion does not provide any grounds upon which the court should alter or amend its judgment, and, even if it did, plaintiff has not demonstrated exactly how the judgment should be altered or amended.

In ruling on a motion to alter or amend under Rule 59(e) of the Federal Rules of Civil Procedure, the Sixth Circuit has held that a court should grant such a motion "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *Keenan v. Bagley,* 262 F.Supp.2d 826, 830 (quoting *GenCorp, Inc. v. Am. Int'l Underwriters Co.,* 178 F.3d 804, 834 (6th Cir. 1999)). The court ordered a stay of the proceedings in this case so that the court could consider whether it would retain jurisdiction over the case or remand the action to state court. After taking the matter under advisement, the court allowed plaintiff to amend its complaint and decided that it would retain jurisdiction over the action. The court concedes that its order dismissing the action was premature, and the court should have allowed plaintiff an opportunity to respond before rendering a decision on the motion to dismiss. Accordingly, to "prevent a manifest injustice," plaintiff's motion to alter or amend the judgment entered in this case [Doc. 26] is **GRANTED** and this action is **REINSTATED**. Further, plaintiff is granted leave to file a response to defendant's motion to dismiss, which shall be due on or before **January 27, 2006.**

**IT IS SO ORDERED**.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge

-2-